PHEBE PAFF v. GEORGE PAFF.

Where a decree divorcing husband and wife directs an allowance for the maintenance of children, until the farther order of the court, a new bill for the purpose of varying the allowance, can not be filed, without leave of the court.

Applications to vary such allowances, are made by motion or petition.

1825.
29th October

Maintenance
of children in
cases of di-
vorce
Practice.

ON the sixteenth day of July 1820, Phebe Paff exhibited her bill in this court, against her husband George Paff, charging him with adultery, and praying a divorce. After a due course of proceedings, this court divorced the parties; allowed to Phebe an alimony of seven hundred dollars for her support, to be paid by George; and they having two children, the court also decreed, that the children should remain with Phebe; and that George should pay to Phebe, one hundred dollars annually, for the maintenance of the children, until the farther order of this court. The decree was entered and signed; and the cause was terminated.

On the seventh day of August 1822, the complainant instituted this suit, by filing a new bill against the defendant. This bill was filed without any direction or leave from the court. The object of this bill was, to obtain an addition to the alimony before decreed to the complainant, and an additional allowance for the support of the children, or for one of those objects, if the court should not grant both. To this bill, an answer was put in; the cause was put at issue; and much testimony was taken. The following facts in addition to those which appeared in the first suit, were now brought before the court, by this second suit.

In August 1820, Andrew Paff the father of the defendant, being owner of a large real estate, died intestate. He left a widow and six heirs at law, of whom the defendant was one. The real estate left by Andrew Paff was alleged by the complainant to be of the value of one hundred thousand dollars; it was admitted by the defendant to be of the value of fifty thousand dollars; and its real value seems to have been some large sum between these extreme estimates. The complainant alleged, that the annual allowance of one hundred dollars, was insufficient for the support of the two children; and this allegation appeared to be true.

MR. BOYD for the complainant.

This is a supplemental bill founded on facts which have occurred since the decree in the former suit. The large addition to the defendant's property, which he has received by the death of his father, evidently renders it proper that some addition should be made to the alimony of the complainant: and it is still more clearly just, that this father who is now able to maintain his children, should be compelled to furnish adequate means for their support. The allowance of one hundred dollars a year, is manifestly insufficient.

MR. VAN WYCK for the defendant.

The power of the court to make these allowances, is founded wholly, on the statute. The statute contemplates but one allowance to a wife, as alimony: and the alimony of this complainant was settled definitively, by the decree in the former suit. The allowance for the support of the children, was indeed, made by the decree, until the farther order of

1825.

PAFF
v.
PAFF.

this court: but the allowance for the children, is an object for which this complainant has no claim. She does not sue here, as the guardian or next friend of the children: and if they have any just claim to a farther allowance, they or their guardian should apply to the court. This is a new bill for a farther alimony and a farther allowance to the children: it is an original bill founded upon the matter of the former suit: and this mode of proceeding if it were allowable, would be oppressive.

THE COURT. Under the decree made in the former suit, either party was entitled to apply to the court, for a farther order; but neither party was at liberty to file a new bill for the purpose of varying the former decree. Where a final decree thus gives a right to ask the farther order of the court, every purpose of justice may be fully attained, by a summary application to the court, and such summary proceedings as the court may direct; and a farther order may in general, be made with little delay or expense. When any difficult question arises upon such an application, the court may direct, that a bill be filed, or may award an issue, for a more complete investigation of the case. But it can not be tolerated, that either party should of course and without leave of the court, institute a new suit in full form, for the purpose of varying a final decree of this nature. If such bills were permitted upon every change in the circumstances of a party, they might become very oppressive: and such a practice is wholly unnecessary. Applications to vary allowances made in cases of divorce, have hitherto, been made to this court, by motion or petition; and this practice must be enforced.

Upon the facts of this case, it is clear, that the defendant is now able to furnish an adequate maintenance for his children; and upon a proper application, the court will direct a farther allowance. But this suit having been instituted without leave of the court, and being wholly irregular, it must be dismissed.